MILANETA ROBERTS, Plaintiff

v.

HENRY SESEPASARA, NANCY FERRA, and ESTATE
of MOLITUI SEPETAIO, Defendants

High Court of American Samoa
Trial Division

CA No. 44-87

May 31, 1988

Before REES, Chief Justice, TAUANU'U, Chief
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Charles Ala'ilima
For Defendants, John Ward

On Motion for Reconsideration of Order Denying
Summary Judgment:

For the purpose of this motion we construe the facts in the light most favorable to the plaintiff:

1) In 1955 the land "Lugavai" in the village of Pago Pago was registered as the individually owned land of Molitui Sepetaio.

2) At some time between 1955 and 1966 Mrs. Sepetaio moved to California to live with her daughter Nancy Ferra, one of the defendants in this case. Relatives of Mrs. Sepetaio, including her brother T.S. Muasau, occupied Lugavai between the time she moved to California and her death in 1967, and may also have occupied it before she moved to California.

3) In 1966 a document purporting to be a lease of Lugavai was executed between the "Molitui family" as lessor and "Oka T.S. Muasau" as lessee. Oka T.S. Muasau was not only the lessee but also one of the signatories for the lessor. The other two were "Tumua T.S. Muasau" and Milaneta Roberts, plaintiff in this case.

4) In 1967 another document was executed, purporting to be a separation agreement for a building on Lugavai, which was represented therein as communal land of the Muasau family. T.S. Muasau signed both as the senior matai of the Muasau family and as the owner of the building.

5) A building was then built on Lugavai. This building was originally used as a residence by T.S. Muasau.

6) The document was later signed (we assume for the purpose of this motion) by Molitui Sepetaio.

6) In 1972 a document was executed purporting to convey the building from T.S. Muasau to plaintiff Roberts and her husband.

7) In 1978 the estate of Molitui Sepetaio was opened, apparently as part of an effort by defendant Ferra to lay claim to Lugavai and to the building on it. Plaintiff Roberts and others filed a claim on the building. PR No. 9-78.

8) At least since the issue was contested in the probate case during 1979, each side in this

140

dispute has known that the other claims the right to occupy the building and denies that the opposing side has any such right.

9) At some time during the 1980s plaintiff caused the building to be renovated. Although some repairs may have been necessary, it is undisputed that the building is no longer used as a residence and that the renovations were at least partly designed to make the building more suitable for commercial rental.

On these facts we conclude that the building is the property of plaintiff Roberts (and, on the state of the present record, of her unnamed husband). The best evidence on the current record is that Mrs. Sepetaio signed the 1967 separation agreement in order to allow Mr. Muasau to build his own house on her land, and that Mr. Muasau intended in 1972 to convey whatever interest he had in the house. Defendants are correct in observing that there were technical flaws in these documents: the separation agreement purported to describe Lugavai as communal rather than individual land, and the 1972 conveyance referred back to the legally irrelevant 1966 lease rather than to the separation agreement. These flaws, however, are insufficient to invalidate the conveyances or to cause the Court to construe them other than in accordance with the apparent intentions of the conveyors.

On reflection, however, we also conclude that the separation agreement did not convey to T.S. Muasau and his heirs or assigns a perpetual and irrevocable right to build, occupy, and rent out whatever structures they might choose. We decline to rule, as defendants seem to urge, that a separation agreement involving individually owned land can never be evidence of anything other than a license revocable at will. We also decline, however, to accept plaintiff's contention that the Court should treat land as communal even though it has been registered as individual, provided only that it has been "occupied communally." Even if plaintiff could prove at trial that various relatives of Mrs. Sepetaio had occupied the land before and after its registration as her individually owned land, a holding that the land should treated for all practical purposes as the communal land of the Muasau family would be tantamount to calling the registration statute a liar to its face.

Such a holding would be particularly ironic in light of the fact that the land has in any case not been treated very communally in recent years: Mr. Muasau conveyed the building on it to his own daughter, who has moved to the United States and rented the building out as a commercial structure. Assuming for the sake of argument that we might conclude at trial that the separation agreement together with surrounding circumstances was evidence of a conveyance by Mrs. Sepetaio of a license that was not revocable at will for her brother to live on the land, the license surely lapsed when his assigns began renting the building out as a commercial structure.

Accordingly, we hold that the estate of Molitui Sepetaio has the right to reoccupy the land, including the right to order the removal of the building. We cannot decide on the present record whether the equities of the case are such as to require that plaintiff be given an option of removing the building or receiving from the estate some compensation for its value. In the event the parties cannot reach a settlement on this issue, either party may move for a further hearing.

The motion for reconsideration is therefore granted. Defendants' motion for summary judgment is granted in part and denied in part, in accordance with the above opinion.

It is so ordered.